UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELTER INSURANCE COMPANY as subrogee of TAMMY INGLIS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)   No. 1:12-cv-01007-LJM-DML |
| LIGHTING & SUPPLIES, INC. doing business as SUNSHINE LIGHTING, | )<br>)<br>) |
| Defendant. | ) |

## ORDER ON COSTS & EXPENSES, INCLUDING ATTORNEYS' FEES

Pursuant to the Court's Orders dated October 4, 2012 and October 25, 2012, Plaintiff Shelter Insurance Company ("Shelter") filed its Petition for Costs and Actual Expenses, Including Attorneys' Fees pursuant to 28 U.S.C. § 1447(c), in the total amount of $8,692.75. Defendant Lighting & Supplies, Inc. ("Lighting") objects to 16 associate hours, 7.4 partner hours and $4.00 in parking fees for work unrelated to the removal, for a reduction of $4,494.00. In addition, Lighting objects to Shelter's hourly rates as excessive for similarly experienced lawyers in the Indianapolis area.

The Court agrees with Lighting that Shelter's fee petition is excessive in number of hours billed, but not hourly rate charged. Section 1447(c) allows for recovery of "actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Even under this standard, the Court must assess the reasonableness of the hours expended and the hourly rate sought. *Simenz v. Amerihome Mort. Co., LLC*, 544 F. Supp. 2d 743, 746-47 (E.D. Wis. 2008) (citing *Huffman v. Saul Holdings*

*Ltd. P'ship*, 262 f.3d 1128, 1135 (10th Cir. 2001)). The Court will exclude hours spent on issues unrelated to the removal "or hours wasted on excessive or redundant tasks. *Id.* at 747. The proffered hourly rate must reflect the market rate for the relevant attorneys. *Id.*

The Court concludes that 8.25 partner hours and 18 associate hours are unreasonable. Shelter had three attorneys working on its case, two partners and one associate. Shelter seeks compensation for 2.25 hours of partner time to review Lighting's petition for removal and assign the Motion to Remand to an associate. Dkt. No. 39-1. This is excessive in light of the minimal documents included with the removal and that all the relevant arguments in support of removal were readily known to the partners. The two relevant entries on July 21, 2012, for a total of 2.25 hours of partner time, will be reduced to one (1) hour.

Shelter seeks 11.75 hours of associate time and 2.75 hours of partner time for researching and preparing its 6-page Motion to Remand, 9-page Memorandum in Support and Proposed Order. Although the Court recognizes that associates who are new to the practice are not as skilled at writing motions and briefs, and often writing a shorter brief is more difficult that writing a longer one, the arguments presented here were not so difficult that they required nearly 15 hours of attorney time. The Court finds 2.25 hours to add a single statutory argument and drafting a proposed order excessive. In addition, it is particularly unreasonable to charge for mostly clerical tasks such as "finalizing" or "adding final edits and revisions." Further, it is unreasonable to the Court that two partners in the firm needed to edit the associate's drafts. The Court concludes that 2.25 associate hours (1 hour on July 26, 2012 and 1.25 hours on July 27, 2012),

and 0.75 hours of partner time (0.75 hours for one partner on July 27, 2012) will be deducted.

The Court also concludes that attorneys' fees for preparation of the Motions for Sanctions are unreasonable because the original motion was prematurely filed, which evidences that the research performed was inadequate, and fees under § 1447(c) were available under a lesser standard, which is evidence of overreaching. As a result, 9 hours of associate time and 2.75 hours of partner time will be deleted for preparing those motions.

In addition, the Court will deduct 0.5 hours of associate time for finalizing Shelter's reply brief.

Finally, the Court is not persuaded that Shelter's Motion to Suspend Case Management Plan was reasonable as many of the issues discussed by the parties during the Case Management Plan process would be relevant to the litigation in any court. Furthermore, that motion was not incurred as a result of the removal as Shelter chose to file it and it was denied. Moreover, time Shelter's attorneys spent strategizing for the case management conference are not the kind of costs incurred because of the removal. For these reasons, the Court will delete 2.25 hours of associate time and 0.5 hours of partner time for preparing the denied Motion to Suspend, and 4.0 hours of associate time and 3.0 hours of partner time for preparing the proposed Case Management Plan, preparing for the Federal Rule of Civil Procedure 16 conference and attending the conference. The costs for parking for the conference will also be deducted as unreasonable for the same reasons.

With respect to a reasonable rate Lighting makes a cursory challenge to Shelter's attorneys' hourly rates. The Court concludes that these rates are within the averages of lawyers in the Indianapolis area with similar experience. Shelter's attorneys are from a small firm of three attorneys, two partners and one associate. Grant & Grant Attorneys website, http://grantandgrant.net, last visited on Nov. 9, 2012. At least one of the partners has 20 years of experience and the associate is a recent graduate who was a law clerk at the firm prior to graduation. *Id.* The rates requested here, $165.00 per hour for associate time and $250.00 per hour for partner time, are reasonable in light of published rates in May 2010. *See* Scott Olson, *Indianapolis Law Firms Raising Rates Again*, IBJ.com (May 15, 2010), http://www.ibj.com/article/print?articleID=19923, last visited on Nov. 9, 2012.

. Making the deductions as set forth above, the Court concludes that Shelter should be awarded $3,656.25 in attorneys' fees pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons stated herein, Plaintiff Shelter Insurance Company's Petition for Costs and Actual Expenses, Including Attorneys' Fees is **GRANTED in part and DENIED in part**. Defendant Lighting & Supplies, Inc., shall pay Shelter Insurance Company's attorneys' fees pursuant to 28 U.S.C. § 1447(c) in the amount of $3,656.25.

IT IS SO ORDERED this 13th day of November, 2012.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

4

Distribution:

Bradley Phillip Clark
BRUCE P. CLARK & ASSOCIATES
bpc2@bpc-law.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Christopher P. Phillips
BRUCE P. CLARK & ASSOCIATES
christopher.phillipslaw@gmail.com

Thomas Blake Orner
GRANT & GRANT
tbo@grantandgrant.net

Carolyn Small Grant
GRANT AND GRANT
csg@grantandgrant.net